IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CONTINENTAL CASUALTY CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10-CV-566-WKW [WO] |
| | ) | |
| HOMECORP MANAGEMENT, INC, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Continental Casualty Company ("Continental Casualty") filed a Complaint (Doc. # 1) seeking a declaratory judgment to determine the parties' rights and obligations under a liability insurance policy issued by Continental Casualty to Defendant HomeCorp Management, Inc. ("HomeCorp Management"). This cause is before the court on Defendant CWCapital Mortgage Securities I, Inc.'s ("CWMortgage") Motion to Dismiss (Doc. # 32), pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively, for summary judgment, pursuant to Rule 12(d).[1] The court declines to convert CWMortgage's motion to dismiss into a motion for summary judgment, and, consequently, having not considered materials outside the pleadings, CWMortgage's motion is due to be denied.

---

[1] Rule 12(d) provides, in pertinent part: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

## I.  JURISDICTION AND VENUE

The court exercises subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. §§ 2201.  The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations in support of both.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On June 30, 2010, Continental Casualty commenced this action, which seeks a declaration from this court determining the parties' rights and obligations under Continental Casualty's insurance policy issued to HomeCorp Management.  "Specifically, Continental [Casualty] seeks a judicial declaration that, under the policy, Continental Casualty has no duty to defend or indemnify HomeCorp Management and [the original Guarantors] in response to [the Blumberg and Hart lawsuits]." (Compl. ¶ 1.)  Continental Casualty's duty to defend is implicated because of two underlying state court lawsuits (*i.e.,* the Blumberg and Hart lawsuits) against HomeCorp Management relating to a sizeable loan HomeCorp Management secured in order to finance an apartment complex.  Continental Casualty named as defendants every party to the underlying state court lawsuits.

CWMortgage, one of those parties and the second holder of the loan and loan documents, has moved to dismiss, arguing that "there is no actual controversy or any adverse legal interest between [Continental Casualty] and CWMortgage."  (Def.'s Br., at 5.)  In support of the motion, CWMortgage has attached three exhibits which purportedly show that "CWMortgage no longer holds any right, title or interest in or to the Loan or the Loan Documents, including the Guaranty.  Rather, Cadim [Note, Inc. ("Cadim")] is the current

holder of and beneficiary under [the] Guaranty and the other Loan Documents." (Def.'s Br., at 6.)  Assuming that the court's consideration of the documents as "matters outside the pleadings," Fed. R. Civ. P. 12(d), would transform the motion to dismiss into a motion for summary judgment,[2] CWMortgage has moved under both Rule 12(b)(6) and 12(d). Continental Casualty urges the court to hold the motion in abeyance until such time that a motion to substitute Cadim is granted.  (Pl.'s Resp., at 1.)  Continental Casualty cites Rule 25, which states that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted . . . ." Fed. R. Civ. P. 25(c).

## III.  DISCUSSION

### A.    <u>Conversion Under Rule 12(d)</u>

"[F]ederal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it."  5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1366 & n.17 (3d ed. 2004) (collecting cases).  The Eleventh Circuit recently stated that "[a] judge need not convert a motion to dismiss into a motion for summary judgment as long as he or she does not consider matters outside the pleadings.  According to case law, 'not considering' such matters is the functional equivalent of 'excluding' them – there is no more

---

[2]  However, Rule 10(c) says:  "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."  Fed. R. Civ. P. 10(c).

formal step required." *Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227, 1232 (11th Cir. 2010). Exercising its discretion, the court declines to convert CWMortgage's motion to dismiss into a motion for summary judgment. As will become apparent below, the evidentiary record appears to be incomplete, lacks full briefing, and requires clarification, particularly in view of the time line *vis-à-vis* the filing of this action. In its present state, the record lacks the comprehensiveness need for a well-reasoned summary judgment decision.

**B.**   **Rule 12(b)(6)**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests the legal sufficiency of a complaint; thus, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint need not contain "detailed factual allegations," but must include enough facts "to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 545.

CWMortgage argues that it "is not a necessary or proper party to the Complaint and that the Complaint should therefore be dismissed with respect to CWMortgage." (Def.'s Br.

¶ 13.)  As grounds, CWMortgage contends that on March 30, 2010, three months before Continental Casualty filed the Complaint, CWMortgage "assigned all of its right, title, and interest in and to the Loan Documents to Cadim Note, Inc., a Quebec corporation . . . ." (Def.'s Br. ¶ 5.)  According to CWMortgage, it "no longer has any interest in the Loan, the Loan Documents or the Oak Creek Apartments."  (Def.'s Br. ¶ 6.)

These allegations, however, directly contradict the claim made in CWMortgage's crossclaim, filed in state court on June 7, 2010, that it is the *current* holder of the Guaranty and the Note.  (Def.'s Cross-Claim 3 (Doc. # 1-4).)  CWMortgage has not explained why the position it takes in this litigation – that as of March 30, 2010, its interest in the loan has been transferred to Cadim – is inconsistent with its position in state court.  Moreover, Continental Casualty filed the instant suit on June 30, 2010, presumably on the facts portrayed in the state court proceedings, and it has specifically alleged that CWMortgage "has the authority to enforce the terms of the guaranty."  (Compl. ¶ 39.)  On this record, Continental Casualty's Complaint includes enough facts "to raise a right to relief [against CWMortgage] above the speculative level on the assumption that all allegations in the [C]omplaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 545.

## IV.  CONCLUSION

Accordingly, it is ORDERED that CWMortgage's Motion to Dismiss (Doc. # 32) is DENIED.  It is further ORDERED that any motion to substitute, pursuant to Federal Rule of Civil Procedure 25, shall be filed on or before **January 3, 2011**.

5

DONE this 20th day of December, 2010.

_____/s/ W.  Keith Watkins_____
UNITED STATES DISTRICT JUDGE